UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRELL DEAN PROUTY, | Case No. 21-CV-2460 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID MILES, unlicensed clinician, currently employed at DHS-MSOP, | |
| Defendant. | |

Plaintiff Darrell Dean Prouty, a client of the Minnesota Sex Offender Program ("MSOP"), returns to federal court bringing his thirteenth lawsuit this year. In this case, Prouty requests the arrest and imprisonment of defendant David Miles, a therapist employed at MSOP. The pleading is frivolous and will be dismissed accordingly. *See* 28 U.S.C. § 1915(e)(2)(B) (allowing for preservice dismissal where a pleading submitted by a litigant applying for *in forma pauperis* status is frivolous, malicious, or fails to state a claim on which relief may be granted).

A complaint is frivolous where it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The pleading submitted by Prouty in this matter fails on both prongs. With respect to the law, it is "well-established" that, as a private citizen, Prouty may not commence criminal proceedings in federal court.

1

*Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060 (D. Minn. 2009).  There is no arguable legal basis upon which Prouty may purport to initiate a criminal prosecution against Miles (or anyone else).  With respect to the facts alleged, Prouty seeks relief on the grounds that (1) Miles has violated putative "restraining orders" drafted by Prouty himself, *see* Compl. at 1 [ECF No. 1], and (2) Prouty's ongoing civil detention is the result of a "fraudulent document" and is therefore unlawful, *see id*.  But there is no reason to believe from the complaint that Prouty's self-drafted "orders" have any legal effect, and Prouty has alleged no facts whatsoever calling into doubt the legality of his ongoing civil detention.  *See also In re Prouty*, No. 55-P0-04-4522 (Minn. Dist. Ct.) (state civil-commitment proceedings).  Just as there is no arguable legal basis upon which Prouty may launch a federal criminal prosecution, there is no arguable factual basis alleged in the complaint from which to conclude that Miles has engaged in criminal behavior.

      This matter would be frivolous even if it were recast as a civil action rather than an attempt at criminal prosecution.  There is no reason to believe that Prouty has fairly presented to the state courts any claim under federal law for habeas corpus relief, *see* 28 U.S.C. § 2254(b); any habeas corpus petition filed by Prouty in federal court challenging the judgment of civil commitment would now almost certainly be untimely, *see* 28 U.S.C. § 2244(d); and Prouty may not challenge the legality of his detention through a non-habeas civil proceeding, *see Opiacha v. Dep't of Human Services*, No. 20-CV-1032 (NEB/DTS), 2020 WL 6121363, at *1 (D. Minn. May 19, 2020) (collecting cases for

proposition that claims necessarily implying the invalidity of civil detention are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  Finally, to the extent that Prouty might seek monetary relief from Miles under 42 U.S.C. § 1983, the complaint does not include any non-conclusory allegations that, if proved true, would establish that Miles has violated Prouty's constitutional rights.

This is not the first of Prouty's many lawsuits filed this year to be summarily dismissed — in fact, it is the third such case to be dismissed just this month by the undersigned alone.  *See, e.g., Prouty v. Dep't of Human Services*, No. 21-CV-0058 (PAM/LIB), ECF No. 4 (D. Minn. Mar. 12, 2021); *Prouty v. DHS*, No. 21-CV-1349 (SRN/TNL), ECF No. 6 (D. Minn. July 20, 2021); *Prouty v. State of Minnesota*, No. 21-CV-2015 (NEB/HB), ECF No. 9 (D. Minn. Oct. 5, 2021); *Prouty v. Miles*, No. 21-CV-2227 (PJS/KMM), ECF No. 3 (D. Minn. Nov. 1, 2021); *Prouty v. Johnson*, No. 21-CV-2438 (PJS/DTS), ECF No. 3 (D. Minn. Nov. 10, 2021).  Prouty is again warned that needlessly vexatious behavior will not be tolerated.  Should Prouty continue filing frivolous, malicious, or duplicative pleadings, he will be restricted from initiating new litigation while acting pro se in this District unless he is first granted the prior authorization of a judicial officer.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Darrell Dean Prouty [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 10, 2021               s/Patrick J. Schiltz_____
                                      Patrick J. Schiltz
                                      United States District Judge